## EX PARTE ULCY R. HATFIELD.

### No. 6682. Decided November 23, 1921.

**1.—Extradition—Fugitive From Justice—Burden of Proof—Rule Stated.**

While the courts may hear evidence to overcome the *prima-facie* conclusion that one is a fugitive from justice which results˙ from an extradition warrant by the Governor, he cannot be discharged on his own testimony not supported by other evidence that he was not in the demanding state at the time he fraudulently received personal property therein, but the rule is that he·must show conclusively that he was not within the demanding state at the time of the commission of the offense, nor can evidence be heard affecting the guilt or innocence of the fugitive as to the charge against him.

**2.—Same—Case Stated—Burden of Proof—Uncorroborated Personal Testimony.**

Where the indictment in extradition proceedings charged that the alleged fugitive from justice obtained nine liberty bonds of the aggregate value of $750, fraudulently from another in the State of Kentucky, by false representations, his personal testimony that he did not receive said bonds fraudulently, and that when he received them he was in the State of Ohio, will not suffice to discharge him from the extradition warrant, and the burden is upon him to show conclusively that he was not in the State of Kentucky at the time he received them, and his own evidence unsupported by other testimony will not entitle him to a discharge under an extradition warrant. ˙

**3.—Same—Rule Stated—Fugitive From Justice—Conclusive Evidence.**

The courts may inquire if such alleged fugitive was in the demanding State when the offense was committed, and if it appears conclusively that he was not, he may be discharged; but generally if this does not appear, or if there is any evidence to the contrary, the decision of the executive cannot be reviewed, and evidence that he was not guilty cannot be admitted.

**4.—Same—Rule Stated—Matters of Defense—Malice—Rule Stated.**

In *habeas corpus* proceedings for the discharge of a prisoner held under an extradition warrant issued by the governor of the State, the court will not consider or pass upon any matters of defense to the indictment upon which the extradition was based, nor, a charge that the requisition proceedings are instigated by malice or intended to annoy and harrass the petitioner.

Appeal from the District Court of Caldwell. Tried below before the Honorable M. C. Jeffrey.

Appeal from a *habeas corpus* proceeding asking release from an extradition warrant issued by the governor of the State.

The opinion states the case.

*T. B. Coopwood* and *Books, Hart & Woodward,* for appellant.— On question of going behind the action of. the governor: Ex parte Cheatam, 95 S. W. Rep., 1077; Ex Parte Jones, 199 id., 1110. ˙

On question that petitioner must be in demanding State at time of offense: Hibbler v. State, 43 Texas, 201. Ex parte Cheatam, 95 S. W. Rep., 1078. Ex parte Dutty, 219 Mass., 548.

On question of private malice: Grim v. Shine, 187 U. S., 181.

On question of *prima-facie* evidence: McCombs v. State, 99 S. W., 1017.

R. G. *Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was arrested under an extradition warrant issued by Governor Neff, of this State, upon a requisition from the State of Kentucky, and sought relief from such restraint upon a *habeas corpus* hearing before Hon. M. C. Jeffrey, Judge of the Twenty-second District, by whom he was remanded and from which judgment this appeal was prosecuted. An opinion herein has been delayed in order that we might further investigate the many authorities presented in the able brief for appellant.

When requisition papers are presented to the governor, two questions arise, viz: first, is the person demanded substantially charged by indictment or complaint with the commission of an offense against the laws of a demanding state; and second, is he a fugitive from the justice of such state? We pretermit any discussion of the interesting legal matters pertaining to the first question mentioned as appellant has raised no objection to the sufficiency of the indictment against him or the regularity of the proceedings up to his arrest. By various propositions it is here urged that appellant is not a fugitive from justice, and that unless he is such, he cannot be legally extradited; that he was not within the bounds of the State of Kentucky at the time alleged, in the copy of the indictment attached to the requisition, as being that of the commission of the offense charged against him; and that the courts of Texas have the right to hear evidence on such issue and determine same in his favor and order his release.

From the copy of the indictment mentioned, it appears that the offense charged was the obtaining of nine liberty bonds of the aggregate value of seven hundred and fifty dollars from one Margaret Gorey in a named county in the State of Kentucky, by representing to her that appellant had an orange grove in Florida, the date of the offense being laid as of October 10, 1921.

Beside certain character witnesses, appellant's case rested on his own statement that in October, 1919 he spent three weeks in Lexington, Kentucky, and there met Margaret Gorey from whom he borrowed one hundred dollars; that at the end of said three weeks he went to Columbus, Ohio, and while there perfected arrangements to borrow other money from Margaret Gorey, who came to Columbus, accepted from him a note and upon her return to Lexington forwarded to him the amount of money borrowd, including nine liberty bonds; also that later he borrowed other moneys from her; that he had not been in Kentucky since the occasion first mentioned; that he had corresponded regularly with Margaret Gorey from that time down until the summer of 1921; that he had lived in Texas since about January

1, 1921, and that in the summer of that year he left Texas and went back to his old home in Georgia, returning to this State in October, 1921, where he was soon afterward arrested under said extradition warrant. Appellant exhibited two letters which he testified were written by Margaret Gorey, one dated February 24, 1920, and the other Octover 7, (no year given). The first of said letters contained a recital of the various amounts claimed by the writer to be due her by this appellant. The second of said letters evidences a willingness on the part of the writer to make other investments in oil wells if appellant thought it wise, and expressed interest in him and his welfare generally.

Admitting that the courts may hear evidence to overcome the *prima-facie* conclusion that one is a fugitive from justice, which results from the issuance of an extradition warrant by the governor, we would then be faced with the question as to whether the evidence before us warrants appellant's release. Evidently under all the authorities, we have no power to consider the evidence as affecting the guilt or innocence of appellant of the charge against him. That is the perogative alone of the courts of Kentucky. We are only permitted to consider whether he has shown himself to be not a fugitive from justice. The burden of proof on this issue, is on appellant. Apparently he pitches the contest upon the fact that he was not in the bounds of Kentucky at the date alleged in the indictment attached to the requisition papers. That date appears to be October 10, 1921. Where was appellant during the summer of 1921 and prior to his return to Texas in October, 1921? He says he was in Georgia. Can we accept his own evidence and upon that discharge one held under an extradition warrant? It would seem at a glance that to lay down such a rule would operate to destroy the effectiveness of any effort at extradition. If the testimony of the accused alone might be taken as sufficient to show him beyond the bounds of the demanding state at the time alleged in the pleadings, no fugitive from justice could ever be extradited. What is the *quantum* of proof demanded of the alleged fugitive in such cases? 21 Cyc. 328 says that the courts may inquire if such alleged fugitive was in the demanding state when the offense was committed, "and if it appears conclusively that he was not, he may be discharged; but generally if this does not appear, or if there is any evidence to the contrary, the decision of the executive cannot be reviewed." Under this paragraph in said authority are cited: In re Mohler, 73 Ala. 503; Hartman v. Avelin, 63 Ind. 344; Jones v. Leonard, 50 Iowa, 106; Nolze v. Wilcox, 34 Ohio St., 520, and other cases cited by appellant, most of which upon examination will be found to be opinions upon facts showing only the constructive presence of the accused in the demanding state at the time of the commission of the alleged offense. Our conclusion is that the courts generally hold in a case where the accused has not been in the demanding state, and its courts seek to take jurisdiction solely by virtue of some theory of con-

structive presence on the part of the accused, within such jurisdiction, that the courts will discharge one held under extradition warrant in an effort to convey him to the demanding state. However, where it has been shown that one was actually within the demanding state at a time within the period of limitation against the prosecution of the offense charged, and that he has left said state, he appears ordinarily to be held a fugitive from justice.

We think no authority can be found holding that such person should be relieved from extradition upon his own testimony that he had obtained property, which he is charged to have stolen or fraudulently obtained, at a different time from that alleged, or that he obtained it at a point out of the bounds of the demanding state. In the case before us appellant's contention seems to rest wholly upon his own testimony. If it be admitted that his identification of certain letters as being written by Margaret Gorey gives them any more weight than other statements of his own,—what is there even then to show any transaction involving liberty bonds or orange groves in Florida? No mention is made in either of said letters of any liberty bonds or orange groves, or of any false representations, or fraudulent obtaining of money. If it were also admitted that appellant borrowed all of the moneys referred to in said first letter, and that the prosecuting witness went to Columbus, Ohio, to see him about the terms of a loan, or any other business transaction, this would still leave the case as one dependent entirely upon his own testimony. Under all the authorities ours is not the forum to decide whether appellant got nine liberty bonds from Margaret Gorey or Goury on October 10, 1921, by false representations. In Ex parte McDaniel, 76 Texas Crim. Rep. 184, we upheld the action of the trial court in refusing to permit the accused to introduce evidence to show that he was not guilty. Such is the universal rule. We can only decide that appellant has or has not shown conclusively that if he so got such bonds, he did not get them within the bounds of the State of Kentucky. If he has not so shown our duty is plain and we should uphold the act of the Chief Executive in granting the warrant.

Appellant makes some contention that extradition proceedings cannot be upheld if it appears that the prosecution or extradition is for purposes of wreaking private malice or collecting debts, etc. We might agree with him, but the rule seems laid down In re Bloch, 87 Federal Rep., 981, wherein it is said: "In *habeas corpus* proceedings for the discharge of a prisoner held under an extradition warrant issued by the governor of a state, the Federal court will not consider or pass upon any matters of defense to the indictment upon which the extradition is based, nor a charge that the requisition proceedings are instigated by malice, or intended to annoy and harass the petitioner." We see no reason for believing a different rule should obtain in state courts, and especially when the requisition is based upon an indictment apparently regular and certified to by the governor of

the demanding state as authentic. Whatever might be our individual views as to the ultimate result of a prosecution which is involved in an extradition proceeding, we can but follow that path indicated by the decisions of the courts of the country and concurred in by our judgment and reason.

Believing appellant has failed to show himself entitled to the relief sought, the judgment of the trial court will be affirmed.

*Affirmed.*