## EX PARTE W. H. HALL

### No. 10200.   Delivered April 14, 1926.

### Rehearing denied June 2, 1926.

**1.—Habeas Corpus—Extradition—Executive Warrant—Construction Of.**

It is well settled in this state that where the governor issues a warrant for a fugitive from justice upon a requisition from the governor of another state, that same is prima facie evidence, in a habeas corpus proceeding, that the fugitive should be returned to the demanding state, and that it devolves upon him to show that such writ was wrongfully issued. See Ex. Parte Carroll, 86 Tex. Crim. Rep. 301, and other cases cited.

**2.—Same—Continued.**

Relator on his habeas corpus hearing in the court below introduced a pardon, signed by the lieutenant governor, acting as governor, of the state of Arkansas. The state in rebuttal attacked the validity of this pardon, and showed that under a recent decision of the Supreme Court of Arkansas a similar pardon had been held void.

**3.—Same—Continued.**

Relator then offered in evidence a certified copy of a temporary restraining order issued out of the chancery court of Union County, Arkansas, dated February 24, 1926, restraining all the sheriffs, deputies, constables and other persons having authority to arrest appellant as an escaped convict from arresting and returning him·to the state penitentiary of Arkansas, and the trial court, on objection of the state, refused to permit said restraining order to be admitted in evidence.

**4.—Same—Continued.**

It was incumbent upon relator to show that such restraining order issued on the 24th day of February, 1926, was in full force and effect on the day of his habeas corpus hearing, to-wit:   March 24, 1926, and in the absence of such showing the trial court properly excluded same.   This being the ground relied upon by him for his release, we are of the opinion that there is no error shown in the record and the judgment of the trial court is affirmed.

ON REHEARING.

**5.—Same—Practice on Appeal.**

Relator in his amended motion for rehearing appends a certified copy of a judgment of the Union County Chancery Court of Arkansas, in which the pardon granted relator is amended so as to include omitted words,

which invalidated it. This judgment was not presented in the court below. On appeal this court is only permitted to consider as bearing upon the merits of the case those facts, and those alone which were before the trial court, and his motion for rehearing is overruled.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a habeas corpus proceeding in the 34th District Court of El Paso County remanding relator to the custody of the Sheriff of El Paso County with instructions to deliver him to the proper officers of the State of Arkansas.

The opinion states the case.

*C. W. Croom* and *S. G. Croom* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—This is an appeal by the appellant, W. H. Hall, from a habeas corpus proceeding in the 34th District Court of El Paso County remanding him to the custody of Sheriff Orndorff, with instructions to deliver him to the proper officers of the State of Arkansas.

The record discloses that upon proper requisition from the governor of the State of Arkansas, Governor Miriam A. Ferguson on February 27, 1926, duly honored said requisition and issued the required warrant of arrest to the proper officials, directing them to arrest the appellant herein and deliver him to W. R. Henson, agent for the State of Arkansas with authority to receive and convey him from Texas to Arkansas. The appellant resisted the extradition papers upon trial in the lower court and contended that he was unlawfully detained by the sheriff of El Paso County, and that he was entitled to his liberty by reason of a full pardon, which he introduced upon trial, issued by the Hon. S. B. McCall, acting governor of the State of Arkansas in the absence of Governor Terrell, wherein he was granted a full and free pardon on October 28, 1925. It was the contention of the state that said pardon was invalid and void because it did not embrace and state the statutory prerequisites of the State of Arkansas, providing that the governor has the right, upon his own motion or upon investigation, to grant a pardon without publication or notice provided he states on the face of said pardon, "That the same was granted by the governor without application therefor being

made to him by any attorney or paid representative for the person pardoned." In support of this contention the state introduced in evidence an opinion delivered January 11, 1926, by the Supreme Court of Arkansas holding a pardon void which failed to contain the said statutory requirements.

The appellant, it appears, realizing the force of said decision and in rebuttal of the state's contention thereon, sought to introduce in evidence a duly authenticated and certified copy of a judgment of the chancery court of Union County, Arkansas, dated February 24, 1926, in chambers, issuing a temporary injunction and restraining order restraining all the sheriffs, deputies, constables and other persons having authority to arrest the appellant as an escaped convict and return him to the penitentiary of Arkansas. This temporary injunction was to be in force until said cause could be finally determined. The trial court, upon objection of the state, excluded the certified copies of the application for the restraining order and the order of the court issuing said temporary injunction thereon on the ground of immateriality. The record shows that the trial court entered his order remanding the appellant to the custody of the sheriff on March 24, 1926, just one month after the temporary injunction was granted by said chancery court.

It will be observed from the above that there are three questions for our consideration; first, was the pardon void; second, was the said temporary injunction issued by said chancery court binding both on the trial court and this court; third, the pardon being regular on its face, did the court err in permitting the state to introduce in evidence, over appellant's objection, said certified copy of the opinion by the Supreme Court of Arkansas. The appellant contended that this was an attempt to impeach the acts of the lieutenant governor by attacking said pardon and the right of the lieutenant governor to issue same in a collateral manner, and that said pardon should be accepted at its face value. The appellant has filed a very exhaustive and interesting brief in support of his contentions. It seems to be a well settled doctrine in this state that when the governor issues a warrant for a fugitive from justice upon requisition from the governor of another state, that same is prima facie evidence, in a habeas corpus proceeding, that the fugitive should be returned to the demanding state, and that it devolves upon him to show by testimony that such writ was wrongfully issued. Ex parte Carroll, 86 Texas Crim. Rep. 301; 217 S. W. 382; Ex parte White, 39 Texas

Crim. Rep. 497, 46 S. W. 639; Ex parte Hatfield, 90 Texas Crim. Rep. 293, 235 S. W. 591.

It therefore follows, as we view the decisions, that if the appellant's contention is correct and the chancery court had the right to issue the temporary restraining order at the time it was issued restraining the officials of Arkansas from arresting appellant and returning him to the penitentiary until said matter could be adjudicated, the appellant, nevertheless, should have shown that on the date of the trial at El Paso, which was one month after the issuance of said restraining order, that said temporary injunction or restraining order was then in full force and effect before he could be heard to complain and urge the doctrine that this court and the trial court should give full faith and credit to the acts of the chancery court, over the decision of the Supreme Court of the State of Arkansas. We are therefore forced to the conclusion that even if the trial court had permitted the certified copies of the petition and the judgment thereon of the chancery court, of date February 24, 1926, to be introduced in evidence, the appellant would not be in a position to urge that we should be bound thereby in the absence of a showing to the effect that on March 24, 1926, said temporary restraining order was in force and effect. This being the case, and the burden of proof being on him to show his right to be released, we are of the opinion that there is no error shown in the record and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—To his amended motion for rehearing the appellant appends a certified copy of a judgment of the Union Chancery Court, Second Division, in which the pardon to which reference is made in the original opinion, was amended so that it included the words:

"That the same was granted by the governor without application being made to him by an attorney or paid representative of the said W. H. Hall."

This court is not in a position, however, to consider the copy of the judgment as a part of the record. The matter here is

pending on appeal, and the facts which this court is permitted to consider .as bearing upon the merits of the case are those alone which were before the trial judge, and certified by him either in the statement of facts or bills of exceptions.

Dealing with the record as made upon the trial, we are constrained to regard the conclusion reached upon the original hearing correct.

The motion is overruled.

*Overruled.*