## EX PARTE C. E. WESTON.

No. 10818.   Delivered February 18, 1927.

**Habeas Corpus—Extradition—Governor's Warrant—Held Sufficient.**

Relator files an application for a writ of habeas corpus, complaining of the sufficiency of the extradition warrant of the Governor of Texas, authorizing his removal from the State of Texas to the State of California, to answer a charge in that state of forgery. The warrant of the governor of Texas, appearing in all things regular, and supported by a valid complaint charging him with the offense of forgery in California, his application is denied.

Original application for a writ of habeas corpus, seeking to be released from the custody of an officer of the State of California, in an extradition warrant.   Writ denied.

*Andley Harris*, attorney for relator.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—On the 14th day of February, 1927, his excellency, Dan Moody, Governor of the State of Texas, issued an extradition warrant authorizing relator to be removed from the State of Texas to the State of California and directing that for this purpose he be delivered to J. L. Sternitsky, who is named by the demanding state as the conveying officer.   The extradition warrant states that the demand for extradition was accompanied by a copy of complaint duly certified as authentic by the Governor of the State of California, charging relator with the crime of forgery.   The extradition warrant by its recitals shows proper authority for its issuance.   Ex Parte Hall, 284 S. W. 550, and cases therein cited.

Relator through his attorney files with this court an application for writ of habeas corpus, in which he alleges that relator was being illegally restrained of his liberty, averring that the affidavit charging relator with forgery and the petition accompanying it, upon which requisition was based and upon which the extradition warrant was issued by the Governor of this state, was insufficient.   The contention appears to be based upon the idea that the complaint charging relator with forgery in the State of California was made upon "information and belief" and therefore would not authorize the Governor of this state to issue the warrant directing relator's return to the State of California.   A copy of this affidavit found in the record before us shows that such contention is based upon a misconception

of the instrument. The complaint is not made upon information and belief, but directly and positively charges relator with the offense of forgery. We have examined the other papers in connection with the affidavit and find they are properly authenticated by the Governor and other officers in California and observe no irregularities therein which in any sense challenge the correctness of the action of the Governor of this state in issuing his warrant for extradition.

There also appears on the docket of this court cause No. 10812, Ex Parte C. E. Weston. This is an appeal from an order of the Honorable District Court of Travis County fixing relator's bond in a proceeding incident to his extradition to California. It is ordered that said cause No. 10812 be consolidated with this cause No. 10818. It appears that relator is now being held under the extradition warrant and the point raised in cause No. 10812 have become moot questions and hence they are not considered or discussed.

The application for writ of habeas corpus is denied.

*Denied.*