## EX PARTE P. W. HOWARD.

No. 10357. Delivered March 2, 1927.

Rehearing denied June 24, 1927.

**1.—Habeas Corpus—To Secure Bail—Second Application—Rule Stated.**

Where appellant filed a second application for bail through habeas corpus proceedings, such second application may be heard, when the application states that since the first one was refused, important testimony has been obtained which was not in applicant's power to present at the former hearing. It is further provided that the testimony referred to shall be set forth in the application. See Art. 171, C. C. P. 1925.

**2.—Same—Continued.**

Where it was shown that since the hearing of an application for bail, the applicant's case had been before the Court of Criminal Appeals for review, and that important testimony against applicant has been by said court eliminated from his case and held inadmissible, if the remaining

testimony before the court should not be sufficient to amount to proof evident, bail should be granted.

### 3.—Same—Conviction Pending Appeal—Abates Appeal.

Where an appeal from a judgment of the district court refusing bail is pending before this court, and the appellant is tried for the offense, and convicted in the court below, the habeas corpus appeal will be abated by such conviction. See Ex Parte Cannon, 41 Tex. Crim. Rep. 76, and other cases cited.

ON REHEARING.

### 4.—Same—No Error Shown.

On rehearing it is the opinion of this court that the original opinion herein was a proper disposition of the case, and the motion for rehearing is overruled.

Appeal from the District Court of Ward County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from an order remanding appellant on a habeas corpus hearing denying him bail. Appeal abated.

The opinion states the case.

*Fryer & Cunningham* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the District Court of Ward County denying applicant's second application for habeas corpus for the purpose of obtaining bail.

The State's Attorney with this court objects to the consideration of this appeal because it appears from the record that same is a second application made after indictment, and that none of the statutory exceptions to the rule denying the right to make such second application, appear. He also objects to the consideration of this appeal for the reason that since bail was refused in the trial court, this case has been tried in the court below and the death penalty assessed.

Our statutes grant the right to a second writ of habeas corpus after indictment, upon a sufficient showing in the application of the existence of either of the grounds set out in Art. 137 or Art. 171, 1925 C. C. P. That ground named in Art. 137 is not here involved. Art. 171, supra, provides that the second writ may issue when the application states that since the first one was refused, important testimony has been obtained which was not in applicant's power to produce at the former hearing. It is further provided that the testimony referred to shall be set

forth in the application. The application herein states that it is a second one, and as reason for making same it is set up that since the hearing of the first application, applicant's case has been before the Court of Criminal Appeals of Texas for review, and "that important and damaging testimony against applicant has been by said court eliminated from his case and held inadmissible and immaterial." Applicant then proceeds to set out the testimony referred to and to state that it was before the trial court on the hearing of his first application for this writ. He contends that in view of the opinion of this court, holding such testimony inadmissible, he occupies the same attitude under the law as though he had discovered evidence after the first hearing. We think the contention is legally sound, and if the remaining testimony before the court, after eliminating that held by us incompetent, should not be sufficient to amount to proof evident, bail should be granted.

However, in this case, the state advances, as reason why bail should not be granted herein, the fact that since the hearing upon this second application, applicant has been tried on this charge in the court below and given a death sentence. It has been the uniform holding of this court that it will give consideration, upon proper showing by the state, to matters issuable upon appeal, which have been settled in the trial court since the appeal was taken. In Ex Parte Cannon, 41 Tex. Crim. Rep. 76, an appeal was taken from a judgment rendered before indictment, refusing bail. Pending such appeal an indictment was returned against the accused. The state moved to dismiss the appeal, attaching to its motion a certified copy of the indictment against the applicant, and upon such showing this court, in an opinion by Judge Davidson, dismissed the appeal. The same holding appears in Ex Parte Forney, 45 Tex. Crim. Rep. 254; Ex Parte Brown, 53 S. W. 814; Ex Parte Kennedy, 56 S. W. 921, and and Ex Parte McDonald, 65 S. W. 188. In the instant case the state attaches to its answer herein a certified copy of a judgment duly rendered in the District Court of El Paso County since the appeal was perfected in this case, it appearing from the copy of the judgment so attached that applicant has been tried and found guilty of murder upon the charge involved in this habeas corpus proceeding and his punishment fixed at death. We think this effectually precludes us from further consideration of the question as to whether there appear herein facts showing proof evident.

The judgment denying bail will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In appellant's motion we are referred to Ex Parte Hall, 104 Tex. Crim. Rep. 403, 284 S. W. 550, as supporting the proposition that a certified copy of the judgment in a subsequent conviction should not be considered by this court. Considering the question before us it is our belief that the authorities cited in the original opinion are controlling.

The motion for rehearing is overruled.

*Overruled.*