# OCTOBER 29, 1941

EX PARTE HAROLD A. BEETH.

No. 21674. Delivered June 27, 1941.
Rehearing Denied October 15, 1941.

Relator's Request for Leave to File Second Motion for Rehearing

Denied (Without Written Opinion) October 29, 1941.

The opinion states the case.

*Samuel K. Wasaff,* of El Paso, for appellant.

*Harold S. Long,* Assistant District Attorney, of El Paso, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

From an order remanding relator in an extradition proceeding this appeal is prosecuted.

The brief of our State's Attorney, the Hon. Spurgeon Bell, deals with the subject in a manner which expresses the views

of the court, and said brief is adopted as the opinion of the court, and is as follows:

"In this case the relator, Harold A. Beeth, sought his discharge, by habeas corpus, from the custody of the sheriff of El Paso County. It appears that he was in custody of the sheriff by virtue of an executive warrant issued by the Governor of Texas commanding that the sheriff take custody of Beeth that he might be delivered to I. V. Pruitt, an agent of the State of Arizona appointed by the Goverenor of the State of Arizona to return the relator to that state. The relator was charged in the State of Arizona with failing to support his two minor children, the offense being alleged to have occurred on or about the 16th day of September, 1939.

"The relator takes the position that he is not a fugitive from the State of Arizona because he was not in that state on September 16, 1939. The issue raised therefore is whether or not the facts in evidence show the relator to be a fugitive. These are the facts as they appear from the statement of facts, as shown by the testimony of the defendant himself: Beeth was divorced from his wife in the State of Arizona in October, 1935. At the time of the divorce an order was entered by the court requiring that he pay seventy-five dollars per month for the support of his two minor children. He made payments up until the 12th of October, 1937, since which time he has made no payments except by the transfer of some property. On direct examination Beeth stated that he was last in Arizona in 1938. On cross-examination he stated that he was in Arizona in connection with a hearing on the modification of the decree fixing his payments at seventy-five dollars per month. At such time he stated he owed $1,045.00 in back support and at such time settled all of this amount except $125.00 which he was to pay on or before September 15, 1938. *He specifically testified that he was in the State of Arizona in connection with this hearing on April 12, 1939. He also stated that he had not paid the $125.00 that was due in April when he was in Arizona.* From this testimony it is clear that the defendant, under his own evidence, was in the State of Arizona in April, 1939, just a few months before September, 1939, when the complaint alleges the offense happened. He admits, however, that at such time he was in arrears in support of his minor children.

"These facts show him to be a fugitive. There are no authorities in this State, nor in other states so far as we have been able to ascertain, which hold that *under this set of facts* a per-

son is not a fugitive. The cases hold that to be a fugitive there must be more than a constructive presence. Apparently the relator below relied upon the case of Ex parte Presley, 27 S. W. (2d) 815, and the authorities there cited. An examination of the case, however, shows that the relator there was not within the demanding state on the date alleged in the complaint and had not been there subsequent to that date. Too, it did not appear from the evidence that there was any other date than that alleged in the complaint that the relator committed the crime charged, and obviously the state was bound by the date alleged in the complaint.

"The State takes the position that the offense of failure to support a minor child is a continuing offense that is committed not by any overt act but by omission or neglect. The offense continues so long as the neglect continues without excuse. In this case the crime possibly did commence while the relator was not in Arizona, but the facts affirmatively show that while he was continuing default he entered the State of Arizona. At that time (April, 1939), his default was partially, but not wholly, discharged, he, according to his own testimony, continued the neglect of his children at that time to the extent of $125.00. True, the complaint charges the offense occurred in September, 1939, a date he was not in the state, but his testimony affirmatively shows he was therein within a few months of the date alleged. If there were no such testimony, the state would be bound by the date in the complaint; but, in the state of the record, the state is not bound by the September, 1939, date. The state is not bound by such date either at trial or on extradition proceedings. *Branch's Annotated Penal Code, Sec. 439, p. 231, and authorities there cited; Williams v. Robertson (Mo.) 95 S. W. (2d) 79; Illinois Ex Rel McNichols v. Pease, 207 U. S. 121; Keeton v. Gaiser, et al (Mo.), 55 S. W. (2d) 302; Scott on Interstate Extradition, page 144.*

"Prosecution will be sustained by proof of a date anterior to the presentment of the indictment or complaint, provided it be within limitation. Under the law of Arizona, as shown by the proof (S. F. 13, 14), the crime charged is a felony. In the absence of proof to the contrary, the law of Arizona on limitation would be the same as Texas and there is no proof concerning limitation under Arizona law. Article 180, C. C. P. of Texas, thus controls, and April, 1939, is within the three-year period there prescribed.

"In the case of Williams v. Robertson, supra, the authorities are reviewed on the subject of the State being bound, in an extradition proceeding, by the date alleged in the complaint, and establish that it is not so bound.

"Bearing in mind that relator was, under his own uncontradicted testimony, in Arizona in April, 1939, and was, at such time, as well as at the time of the habeas corpus hearing, in default in support of his children, the question arises: Is he a fugitive? The cases establish that he is, because the offense requires no overt act and is continuing in nature.

"In the case of Ex parte Heath, 287 Pacific 636, the Supreme Court of Montana held the relator to be a fugitive. He was charged in the State of *Kansas* with deserting and neglecting to support his wife and minor children. The offense was laid as of November 3, 1927. He and his family at this time lived in *Missouri*. Afterward the wife and children moved to *Kansas*. Relator, in August, 1938, moved to *Montana*, where this proceeding was commenced. The evidence showed relator was in *Kansas* three times after November 3, 1927. He was there visiting his mother in December, 1927, July, 1928, and August, 1939. On one of these occasions, that is, in December, 1927, he attended a convention of the salesmen of his employer. The court recognized the rule in Ex parte Hogue, 112 Tex. Cr. R. 495, 17 S. W. (2d) 1047, and Hyatt v. New York, 188 U. S. 691, that a person must have been within the demanding state when the crime was committed before he can be classified as a fugitive. The court, in holding him to be a fugitive under such facts, relied on People ex rel Gottschalk v. Brown, (N. Y.) 237 N. Y. 483, 143 N. E. 653, 32 A. L. R. 1164, and used this language:

" 'This precise question was before the court in People ex rel. Gottschalk v. Brown, 237 N. Y. 483, 143 N. E. 653, 32 A. L. R. 1164, where the crime charged was that of nonsupport of children from January 1 to June 14, 1923. The accused was a resident of the State of New York. His divorced wife and children resided in Ohio during the period covered by the indictment. During that time the accused motored into Ohio on two different occasions and endeavored to obtain the custody of the children. He remained in Ohio only a few hours. The court, in holding that he was a fugitive from justice and subject to extradition, said: "It may be conceded that this relator entered the State of Ohio for an innocent purpose and that

he committed there no overt act in furtherance of the crime with which he is charged, but that charge by its very nature is founded, not upon the commission of overt acts, but upon the neglect of a duty. Guilty intent may be presumed from the neglect of duty, and the crime continues as long as the neglect does not cease. There is no evidence conclusive or otherwise that at the very time the relator was in Ohio he was not guilty of failure to provide for his children; in fact he admits that because of disagreement with his wife as to the custody of his children he had discontinued the payment of an allowance for their support. Absence of overt acts is irrelevant when the charge is founded only upon neglect of duty, and the innocence of the purpose with which the relator entered the state can not affect his guilt while there, if the neglect which forms the basis of the charge continued during that time * * * Presence in the State of Ohio was not a necessary element of the commission of the crime of nonsupport of children living there, though without such presence extradition may not be demanded. The accused was in Ohio for an appreciable time during the period when it is charged the crime was committed. During the hours he was there he did not support his children, and if he was ever guilty of the crime charged he was guilty at that time.'

"The rule announced in this case is supported by the following decisions: Keeton v. Gaiser (Mo.), 55 S. W. (2d) 302, State v. Garber (Minn.), 126 N. W. 482; Chase v. State (Fla.) 113 So. 103, 34 A. L. R. 271.

"Applying the authorities to the facts of this case, the state takes the position that relator is a fugitive, and prays that the judgment of the trial court remanding relator to custody be affirmed."

The judgment of the trial court remanding relator is affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in this cause presenting that the record offered in the court below and excluded by the trial court shows conclusively that on the date alleged in the indictment by which it is sought to remove relator from the State of Texas for trial in the State of Arizona that he was not in arrears in the support of his children, but had paid in advance and up to about the 12th day of December,

which was two or three months after the date alleged in the indictment. If the record so shows and if relator has not been in the State of Arizona since that time he is not a fugitive and cannot be extradited. (Ex parte Hatfield, 235 S. W. 591.) It is then a proper inquiry to determine from the record before us and from the excluded testimony, if it is admissible, whether or not relator was in arrears in his payment when he was last in the state. He testifies that he was there on March 28, 1939, and on April 12, 1939, he obtained an order from the Arizona court modifying the judgment theretofore held by his wife for the support of his children, and that at said time he owed a balance of $125.00 for the support of said minors, his language being:

"Yes, I was $125.00 behind at that time; yes, that was in April, 1939, when I was up there in regard to getting this court order modified. No, since that time I have not paid any $125.00, no sir."

Contradicting this his own testimony appellant presents a bill of exception showing that he offered in evidence a number of instruments, among which was a certified copy of decree from the Arizona court showing a modification of the former judgment, a settlement and also the conveyance of property to satisfy the accrued indebtedness and payment for a period of time far enough in advance to pay his obligations beyond the time alleged in the indictment as above stated. The trial court excluded such instruments and to this ruling exception was taken.

It is the State's contention that these instruments were not admissible in evidence because they were not properly certified as required by 28 U. S. C. A. 687 and by the laws of the State of Texas. This position must be sustained. (Robinson v. State, 148 S. W. (2d) 205.) So holding, it becomes unnecessary to discuss the fault of the bill of exception bringing these questions before the court. However, the evidence, if considered, is not sufficiently explicit to sepersede the positive statement made by relator and which he did not modify or explain.

We are then left with the record as made by the relator's own testimony and that of his wife, which in the consideration of the one question before us as to whether or not he is a fugitive from the State of Arizona, is wholly insufficient to sustain his contentions. If it were within the power and the

518

duty of a Texas court to determine the issue of guilt or inno- cence, the testimony presented could be weighed and considered quite differently, but the power of a Texas court is limited to the question of determining whether or not the relator is a fugitive and in so determining it our courts do not have the power to adjudicate the question of guilt. (Ex parte Hatfield, supra). This question, we think, has been thoroughly settled by decisions of our own courts. It is in line with the holding on the subject in other states and does not call for an extended discussion at this time.

The motion for rehearing is overruled.