### Ex Parte Harding Southard.

#### No. 10195.    Delivered April 7, 1926.

**Habeas Corpus—Extradition—Relator Remanded.**

Where relator was held by an officer of the state of Ohio, who seems to have had an extradition warrant regular in all matters, he would not be entitled to be discharged on the testimony of his wife and himself. that he was not in the state of Ohio on the date charged. Both appellant and his wife admitted that he was in Ohio near the time of the alleged commission of the offense. We do not understand that the state is bound in order to make out its case, to prove that the offense was committed on the exact date alleged.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from an order of the Criminal District Court of Tarrant County remanding applicant to the custody of the extradition officer for the state of Ohio.

The opinion states the case.

*Mays & Mays* and *Dan T. Miller,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appeal from a remanding order of the Criminal District Court of Tarrant County in a habeas corpus proceeding.

This appellant was before the Criminal District Court of Tarrant County on his application seeking release from the custody of an officer of the state of Ohio, who seems to have had an extradition warrant regular in all matters. It also appears that a complaint had been lodged against appellant before the proper magistrate charging him with being a fugitive from justice. As we understand the record, the only question in the case is as to the right of the court below to remand the accused

when he and his wife testified that he was not in the demanding state on the particular day charged against him as being that of the commission of the offense. We are not inclined to agree with this contention. To so hold would put it in the power of persons accused in sister states of the commission of offenses, when sought to be carried back for trial upon requisition, to defeat process by merely denying that they were in the demanding state at the time the offense was committed. This is not enough.

We might further observe that both appellant and his wife admitted their presence in the state of Ohio near the time of the alleged commission of the offense. We do not understand that the state is bound, in order to make out its case, to prove that the offense was committed on the exact date alleged. There are some other contentions of appellant, none of which we think require discussion.

The judgment of the Criminal District Court of Tarrant County denying the relief sought and remanding the applicant to the custody of the extradition officer will be in all things affirmed.

*Affirmed.*