## Ex Parte John O. Gibson.

· No. 23564. Delivered October 30, 1946.

*Dawson & Hatten,* of Houston, for relator.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was arrested by the Sheriff of Harris County by virtue of an executive warrant issued by the Governor of this State in response to an extradition warrant from the Governor of the State of California where appellant stood charged by affi-

davit before a magistrate with the offense of failing to provide the necessities for his minor children. After his arrest, he applied to the Honorable Frank Williford, Jr., Judge of the Criminal District Court of Harris County, Texas, for a writ of habeas corpus in which he alleged that he was being illegally restrained of his liberty and prayed that upon a hearing thereof he be discharged. The writ was granted as prayed for, and upon a hearing, he was remanded to the custody of the Sheriff of Harris County, who was ordered to deliver him to John T. Walker, the designated agent of the demanding state, to be by him conveyed to the said state and there to be dealt with according to law. From said judgment and order he has appealed to this court.

The requisition warrant, a copy of the affidavit charging appellant with the offense above stated, and all documents attached thereto and accompanying the same were duly certified by the governor of the demanding state as authentic and appear to be in due form.

Appellant's chief contention is that there is not sufficient evidence before the court to show that he was in the State of California at the time of the commission of the alleged offense and that therefore he could not be a fugitive from justice. A copy of the affidavit made before the magistrate in the demanding state, duly certified as authentic, charged that on the 18th day of May, 1945, and continuously for a period of nine months immediately prior thereto, appellant failed to provide the necessities for his minor children. The official documents, reasonably interpreted, made a prima facie case against appellant as an alleged fugitive from justice, and the burden of overcoming or refuting such prima facie case rested upon the accused. This he undertook to do by taking the witness stand and testifying that while it is true that he was in the State of California, nevertheless, he left there in July, 1944, and that he had not been back to said state since that time. If his testimony on the subject alone is sufficient to refute the prima facie case made against him, then he is entitled to a discharge; otherwise he is not. This court has held in the following cases that the testimony of the accused alone is not sufficient to overcome a prima facie case so made: Ex parte Southard, 104 Tex. Cr. R. 14; Ex parte Hatfield, 235 S. W. 591, 90 Tex. Cr. R. 293; Marbles v. Creecy, (Chief of Police of the City of St. Louis, Missouri), 215 U. S. 63. However, the trial court was in no event required to accept the accused's testimony as true relative to the time that he left the demanding state. The court had a legal right to accept a part and reject a part of his testimony, or to reject his entire

testimony as he saw fit. We note, however, that among the documents presented to the Governor of this state and duly certified by the Governor of the demanding state as authentic is the affidavit of appellant's wife wherein she stated that he was in the demanding state on the 23rd day of August, 1944. He objected to the introduction of this affidavit on the ground that it was an ex parte statement.

In 11 Ruling Case Law, p. 733, the rule is stated as follows:

"While it is thus undoubtedly incumbent on the governor of a state to determine in some legal mode whether an accused person is a fugitive from the justice of the demanding state, the act of Congress does not provide for the kind of evidence to be presented before the governor, nor how it shall be authenticated. It must, however, be satisfactory to him, and it has been said that any mode of proof satisfactory in kind and convincing in effect and having a reasonable tendency to establish the fact of the flight from justice fulfils the requirements of the law. Hence an accused person who has been arrested under the governor's warrant will not be discharged when the evidence on the subject of his presence in or absence from the state is merely contradictory."

In the case of Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 U. S. (L. ed.) 515, it is said that in extradition proceedings before the governor, a strict compliance with the common-law rule of evidence is not required.

Believing that the case was properly disposed of, and no error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.