EX PARTE JAMES H. CARROLL.

No. 24307. January 12, 1949.

Hon. A. P. Mays, Judge Presiding.

*Doyle Pevehouse,* of Corsicana, for relator.

582

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was held under a warrant of the Governor of this state as a fugitive from the State of Alabama. Under a writ of habeas corpus before Judge A. P. Mays at Corsicana, he was remanded to the custody of the sheriff to be by him delivered to the agent of the State of Alabama to be taken there to answer a certain criminal accusation. This judgment of the District Judge is here attached as erroneous.

The recitations set forth in the proclamation of the Gover-ernor of Texas are entitled to be taken as having been shown unless the contrary appears by proof. This proclamation says in substance that it has been made known to the Governor of Texas that relator stands charged by affidavit and warrant of arrest before the proper authorities with a criminal offense and that he has taken refuge in this state and that the Governor of Alabama has demanded that relator be arrested and delivered to the agent to be conveyed to the State of Alabama.

It is contended that the executive warrant is insufficient in that a copy of the affidavit is not attached thereto. We note that the warrant itself sets forth the fact that "said demand is accompanied by copy of said Affidavit and Warrant of Arrest duly certified as authentic by the Governor of said State" (Alabama). Therefore, we think that reliance can be had upon the truth of the statement of our Governor that such affidavit and warrant were here present. See Ex parte Noble, 198 S. W. (2d) 893; Ex parte Alvey, 204 S. W. (2d) 838; Ex parte Wright, 146 Tex. Cr. R. 312, 174 S. W. (2d) 601, and cases there cited.

Relator claims that he was not a fugitive from Alabama, al-though his own testimony shows him to have been within such state on September 4, 1948, the date claimed in such affidavit, but that he did not flee therefrom; that he was not guilty of the charge preferred against him. The word "futitive" as used herein does not import an intentional flight from a known deed but merely that a person is not present in the home state when wanted to answer a criminal accusation. See Ex parte Morris, 131 Tex. Cr. R. 596, 101 S. W. (2d) 259; Ex parte Beeth, 142 Tex. Cr. R. 511, 154 S. W. (2d) 484; Ex parte Robertson, 210 S. W. (2d) 593. See also Tex. Digest, Vol. 42, p. 249, and cases there cited.

We find certain hearsay evidence relative to the affidavit

accompanying the request of the Governor of Alabama, same being but a statement of a conversation had with an employee of the Texas Secretary of State over the telephone. This being but hearsay and inadmissible for any purpose, the proposition prevails that the learned trial judge did not consider same in this trial before him.

The matters presented herein appear to be regular upon their face, and no irregularity being shown, the sheriff is directed to deliver relator to the agent for the State of Alabama to be there dealt with according to law, and the judgment is affirmed.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

