## EX PARTE REX RYAN.

No. 30,854. June 24, 1959.
State's Motion for Rehearing Overruled October 14, 1959.

*Lawrence Arnim,* Houston, for relator.

*Dan Walton,* District Attorney, *Thomas D. White, Sam H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

In order to meet the burden cast upon it to show the right to lawfully extradite the relator, the state (respondent in the court below) relies solely and alone upon the executive warrant of the Governor of this state.

The warrant says that it has been made known to the Governor of this state by the Governor of the State of Oklahoma that:

"REX RAE RYAN stands charged by WARRANT, AFFIDAVIT & PRELIMINARY INFORMATION before the proper authorities, with the crime of ABANDONMENT OF MINOR CHILD committed in said State * * * ."

The warrant further states that the demand of the Governor of the State of Oklahoma is:

" * * * accompanied by copy of said WARRANT, AFFIDAVIT & PRELIMINARY INFORMATION duly certified as authentic by the Governor of said State."

Those accompanying papers were not introduced in evidence. The affidavit and information referred to were not introduced in evidence.

No witness identified the relator as being the person named

in the Governor's warrant or testified that he was the person charged in the demanding state with having committed a crime in that state.

Relator's extradition is granted solely upon the ex-parte certificate of the Governor of this state in his executive warrant so ordering.

Testifying in his own behalf, the relator denied that he was the "Rex Rae Ryan" whose name was set out in the extradition warrant. He denied that he was ever in the State of Oklahoma at any time in his life and expressly denied that he was in the State of Oklahoma on the date alleged in the executive warrant.

That testimony on the part of the relator was not challenged or denied by any witness.

It is apparent, therefore, that this case comes directly within the rule recently announced in the case of Ex parte Kaufman, (page 55, this volume), 323 S.W. 2d 48, wherein it was said:

"Appellant correctly contends that the burden of proof is upon the demanding state to show that the person taken into custody and held for extradition is the identical person named in the Governor's Warrant, where such identity is put in issue.

"The rule applicable is thus stated in 39 C.J.S., Habeas Corpus, Sec. 39(a), p. 551-2-:

" 'A mistake in identity, in that the person held for extradition is not in fact the person demanded or named in the governor's warrant, may be shown on habeas corpus and is ground for discharge. The burden of proof is on the demanding state to show identity of prisoner with accused where such identity is put in issue. Although it has been held that the identity of the person taken in custody with the person who is claimed as a fugitive from justice must be clearly established, it is generally held that the burden of going forward with the evidence shifts to the prisoner where a prima facie case of identity is made out, as by the presumption arising from identity of name.' "

Relator, here, brought himself squarely within the rule stated, and the state made no effort to meet the burden cast upon it.

For the reason stated, the judgment is reversed and the relator is ordered discharged.