### Ex parte G. C. MARTIN.
### No. 36334.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Feb. 5, 1964.

Raymond Dickens, Jr., Houston, King C. Haynie, Houston (on appeal only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Tennessee.

At the hearing, the state introduced in evidence the executive warrant issued by Governor John Connally of this state, authorizing the arrest and return of appellant to the State of Tennessee.

The requisition of the governor of the State of Tennessee and supporting papers were also introduced in evidence, which certified that one G. C. Martin stood charged in said state by *state warrant* with the crime of disposing of personal property covered by mortgage or trust deed and that the said Martin was in the State of Tennessee at the time the crime was committed and had since fled from the state and had taken refuge in this state.

The state warrant, dated January 7, 1963, signed by the judge of Division 1 of the Court of General Sessions for Knox County, charged that "on the * * * day of Oct., 1959," G. C. Martin committed the offense of disposing of a 1959 Biscayne 2-door Chevrolet mortgaged to the Bank of Knoxville, he owing $2,724.42 on the same.

At the hearing, appellant took the witness stand in his own behalf and swore that he was not in the State of Tennessee during the month of October, 1959. Appellant testified that he purchased the automobile in Knoxville, Tennessee, in July of 1959, for $2,742.42 and that the purchase was financed through The Bank of Knoxville and secured by a mortgage to the bank in such amount. Appellant stated that on the date the automobile was purchased he was living in Greenville, South Carolina; that he carried the automobile from Tennessee to South Carolina; and that later, in January, 1960, he brought the automobile to Texas, when he moved to Houston. Appellant stated that after moving to Texas he could not make the payments on the mortgage and in March, 1960, he delivered the automobile back to Knoxville, Tennessee, by a friend.

Appellant insists that because he took the witness stand and testified, positively, that he was not in the State of Tennessee during

October, 1959 (the date the offense was charged to have been committed), and the state offered no evidence to contradict his testimony, the court erred in remanding him to custody for extradition.

Reliance is had by appellant upon Ex parte Williams, Tex.Cr.R., 333 S.W.2d 146, and Ex parte Ryan, 168 Tex.Cr.R. 351, 327 S.W.2d 596, in which the judgments remanding relators to custody for extradition were reversed, where the relators offered evidence that they were not in the demanding state on the date the crimes were alleged to have been committed and no evidence of probative value was offered by the state to rebut the same.

In the Ryan case evidence was also offered on the issue of identity, which was not rebutted by the state.

We do not deem the two cases as here controlling, as appellant by his own testimony admitted that he was present in the State of Tennessee in July, 1959, and removed the mortgaged automobile from the state.

 While the state's warrant upon which the demand for extradition was based alleged that the offense was committed "on the * * * day of October, 1959," the state, under Texas law, was not bound by such date but could prove that the offense was committed before, on, or after the date alleged, so long as the date was anterior to the presentment of the indictment and not barred by limitation. 1 Branch's Ann.P.C.2d 547, Sec. 459; Madeley v. State, 165 Tex.Cr.R. 351, 307 S.W.2d 584.

We must assume that the law of Tennessee, in the absence of proof to the contrary, is the same as in our state.

Proof was offered by the state upon the habeas corpus hearing that the period of limitation for commencing prosecution for the crime charged against appellant under the laws of Tennessee, where the property exceeded sixty dollars ($60) in value, was four years.

Appellant's admission that he was in the State of Tennessee during such limitation period and prior to the filing of an accusation against him and that he removed the automobile from the state, was sufficient proof that he was in the demanding state on the date the offense was committed.

◼ We further observe that the testimony of appellant, alone, was insufficient to require a finding that he was not in the demanding state at the time the offense was alleged to have been committed. Ex parte Norris, 154 Tex.Cr.R. 68, 225 S.W.2d 193; Ex parte Hatfield, 90 Tex.Cr.R. 293, 235 S. W. 591; and Ex parte Ackton, 164 Tex.Cr. R. 548, 301 S.W.2d 86.

The judgment is affirmed.

Opinion approved by the court.