**Ex parte Edward Skene OVERAKER.**

**No. 39792.**

Court of Criminal Appeals of Texas.

June 25, 1966.

W. T. Bennett, Huntsville, Walter C. Holloway, IV, Hume Cofer, Austin, for appellant.

**596**

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order of the District Court of Walker County remanding relator to the custody of the Sheriff of Walker County following an extradition hearing.

■ The State introduced the executive warrant of the Governor of Texas, the demand of the Governor of Kansas and supporting papers. Relator testified that he was not in Kansas at the time the offense charged against him was committed in that state. Such testimony standing alone is not sufficient to overcome the prima facie case made by the warrant, the demand and the supporting papers. Ex parte Ackton, 164 Tex.Cr.R. 548, 301 S.W.2d 86; Ex parte Thomas, Tex.Cr.App., 393 S.W.2d 908; Ex parte Martin, Tex.Cr.App., 374 S.W.2d 436.

■ Relator did not deny that he was the person named in the executive warrant, but testified that he did not endorse the check which constituted the basis for the charge against him in the State of Kansas. Such testimony in no way refuted the fact that he was the person named in the demand and executive warrant, but was rather in the nature of a defense to the charge pending against him in Kansas which he is precluded from adjudicating in Texas Courts by the terms of Sec. 20 of Art. 51.13, Vernon's Ann.C.C.P.

The State called in rebuttal a handwriting expert from the Department of Public Safety, who expressed the opinion that the check which forms the basis for the prosecution in Kansas was endorsed by the same person who wrote several letters and documents which relator admitted having written.

Relator's contention that Art. 38.27, Vernon's Ann.C.C.P. is here controlling cannot be sustained. He reasons that proof by handwriting comparison would not be sufficient to establish that the endorsement on the check was his handwriting because he denied under oath that he endorsed the check. As we view it, relator's denial under oath was not that he was not the person named in the Governor's warrant, but was in substance that he did not endorse the check and hence did not commit the crime for which he is sought to be prosecuted in Kansas.

The judgment is affirmed.