**Ex parte Delbert Mac SAWYERS.**

**No. 39843.**

Court of Criminal Appeals of Texas.

Nov. 16, 1966.

Rehearing Denied Dec. 31, 1966.

———◇———

Shaver, Hurley & Sowder, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Roy L. Merrill, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in which appellant was remanded to custody for extradition to the State of New Mexico.

The Executive Warrant issued by the Governor of Texas was introduced in evidence by the state and was admitted over the objection that it was invalid on its face and because "valid complaints, warrants or supporting papers" were not introduced in connection therewith.

The state introduced in evidence the district attorney's application to the Governor of New Mexico for Requisition to the Governor of Texas; the complaint, warrant and supporting affidavits and the designation by the Governor of New Mexico of an agent to receive Delbert Mac Sawyers and convey him to New Mexico which recites that Requisition had been issued the same day.

Though the record suggests that the Requisition or Demand of the Governor of New Mexico was introduced at the hearing, it does not appear in the record.

The complaint introduced in evidence by the state charges the defendant therein with

a "violation of Sec. 64–10–3 N.M.S.A., 1953 Compilation, in that said defendants did unlawfully hold or use evidences of car title, to-wit, a false Manufacturer's Statement of Origin to a 1965 Chevrolet Impala motor vehicle, Manufacturer's Motor Vehicle Identification No. 166375R111967, knowing the same to have been altered, forged or falsified, and charges that said act occurred on or about the 25th day of January, 1965, in the County of Santa Fe, State of New Mexico."

The New Mexico Statute read into the record by appellant's counsel makes it a crime to alter with fraudulent intent any certificate of title, registration evidence, registration plate, or permit issued by the Division or "(4) To hold or use any such document or plate, knowing the same to have been so altered, forged or falsified."

■ While we do not attempt to otherwise construe the New Mexico Statute, we find no merit in the contention that it does not apply to a false manufacturer's statement of origin to a motor vehicle, and overrule the contention that the complaint does not substantially charge the defendant therein with having committed a crime in the State of New Mexico.

■ We also overrule the contention that the copy of the complaint was not authenticated by the Executive Authority making the demand.

The Executive Warrant of the Governor of Texas recites that the Governor of the State of New Mexico had made his demand for the extradition of Delbert Mac Sawyers and that said demand was accompanied by copy of the complaint, warrant and supporting papers "duly certified as authentic" by the Governor of New Mexico.

■ The state was not bound to introduce in evidence the demand or Requisition of the Governor of New Mexico. Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579; Ex parte Shirley, 164 Tex.Cr.R. 447, 299 S.W.2d 701; Ex parte Black, Tex.Cr. App., 384 S.W.2d 876.

The introduction of the Warrant of the Governor of Texas was sufficient to make a prima facie case authorizing appellant's extradition. Ex parte Carroll, 152 Tex.Cr. R. 581, 216 S.W.2d 580; Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48; Ex parte Williams, 169 Tex.Cr.R. 192, 333 S.W. 2d 146.

The complaint, warrant and supporting papers introduced by the state did not destroy the prima facie case made by the introduction of the Executive Warrant of the Governor of Texas. Ex parte Gordon, 118 Tex.Cr.R. 150, 37 S.W.2d 1023; Ex parte Shirley, supra.

The judgment remanding appellant to custody for extradition to New Mexico is affirmed.

## CONCURRING OPINION

MORRISON, Presiding Judge.

At first blush it would appear that the conclusion we reach here is in direct conflict with our holding in Ex parte Harck, 160 Tex.Cr.R. 602, 274 S.W.2d 74. A study of the record on Harck reveals, however, that the relator called the agent of the demanding state as a witness and proved by him that no demand from the Governor of Arizona was presented to the Governor of this State. In the case at bar we have no such showing, and our holding in Ex parte Parkinson, 160 Tex.Cr.R. 369, 271 S.W.2d 638, here controls.