**Ex parte Carlos Gonzalez JUAREZ.**

**No. 40020.**

Court of Criminal Appeals of Texas.

Jan. 11, 1967.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 34th District Court of El Paso County remanding appellant to custody for extradition to the State of California.

The record, including an agreed statement of facts, reveals that at the hearing the State introduced into evidence the Executive Warrant of the Governor of Texas authorizing the arrest and return of the appellant to the State of California, and rested.

Appellant did not testify or offer any evidence, and no brief has been filed on his behalf.

 If regular upon its face, the introduction of the Governor's Warrant makes out a prima facie case authorizing extradition. Ex parte Williams, 169 Tex.Cr.R. 192, 333 S.W.2d 146; Ex parte Lindsey, Tex.Cr.App., 345 S.W.2d 532; Ex parte Browder, Tex.Cr.App., 373 S.W.2d 751; Ex parte Malone, Tex.Cr.App., 378 S.W.2d 330.

In the case at bar the Governor's Warrant reveals that the appellant is charged in the State of California with the crime of "non-support." While such warrant recites that the Governor of the State of California had made his demand for the extradition of the appellant and that said demand was accompanied by copy of the complaint, warrant and supporting papers "duly certified as authentic" by the Governor of California, such copy of complaint, warrant or other supporting documents was not offered into evidence. There is no showing of what or who the appellant is charged with having failed to support, and no showing as to the laws of the State of California.

 There is no such offense in Texas as "non-support". It therefore follows that it is not shown that appellant is sub-stantially charged in the demanding state with a crime under the laws of that state as is required by Section 3 of Article 51.13, Vernon's Ann.C.C.P.; Ex parte Burns, 167 Tex.Cr.R. 533, 322 S.W.2d 289; Ex parte Brunner, Tex.Cr.App., 396 S.W.2d 125.

The judgment remanding appellant to custody is reversed and remanded.