Ex parte James Arthur MOORE.

No. 41569.

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Rehearing Denied Jan. 8, 1969.

Goldsmith & McClure, by Toby Goldsmith, Fort Worth, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 12th District Court of Walker County remanding appellant to custody for extradition to the State of Nevada.

At the hearing the State introduced into evidence the Executive Warrant of the Governor of Texas, the requisition and supporting papers. These papers reflect that James Arthur Moore is charged in the State of Nevada with the offense of robbery, alleged to have occurred on or about October 20, 1963, in the township of Las Vegas, County of Clark.

As the sole witness in his behalf, appellant denied ever having been in Nevada and expressly denied he was in that state on the date of the alleged offense and

testified further that if a James A. Moore did commit such an offense, he was not that person. He did not, however, deny that he was the James Arthur Moore named in the Governor's Warrant, requisition and other papers. On cross-examination the State unsuccessfully sought to have appellant identify State's Exhibit No. 4 as a written confession he had given in Port Arthur, Texas on November 14, 1963, admitting the Las Vegas robbery in question.

Under the facts presented, we find no merit in appellant's claim that the trial court erred "in sustaining the presumption of the identity of name" after appellant's testimony.

It is well established that the introduction of a Governor's Warrant, if regular on its face, is sufficient to make out a prima facie case authorizing extradition. Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442; Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579; 1 Branch's Anno.P.C., 2d ed., Sec. 269, p. 308.

In 25 Tex.Jur.2d, Extradition, Sec. 31, pp. 182–183, it is said:

"The warrant of the executive of the asylum state is prima facie evidence raising a presumption of the existence of every fact that he was obliged to determine before issuing the warrant. Thus, the introduction of the warrant in evidence raises the presumptions, in accordance with its recitals, that the governor in issuing it acted only on a proper, legal, and sufficient requisition by the executive authority of the demanding state; *that the accused is the person named in that requisition* and charged with an extraditable offense under the law of the demanding state; *that the accused was in the demanding state at the time of the commission of the offense charged,*[1] and is a fugitive from the

1. This phrase must be read in light of Section 6, Article 51.13, Vernon's Ann.

C.C.P. See also 25 Tex.Jur., 2d ed., Extradition, Sec. 12, p. 135.

justice of that state; and of the inclusive proposition that the accused is legally held in custody for extradition to the demanding state." (Emphasis supplied)

■ Upon the introduction of the Governor's Warrant it then became incumbent upon the appellant to show that he was not the person charged in the demanding state. Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48 and cases therein cited.

In Ex parte Kaufman, supra, this Court said:

"Appellant correctly contends that the burden of proof is upon the demanding state to show that the person taken into custody and held for extradition is the identical person named in the Governor's Warrant, where such identity is put in issue.

"The rule applicable is thus stated in 39 C.J.S. Habeas Corpus § 39(a), pp. 551–552:

" 'A mistake in identity, in that the person held for extradition is not in fact the person demanded or named in the governor's warrant, may be shown on habeas corpus and is ground for discharge. The burden of proof is on the demanding state to show identity of prisoner with accused where such identity is put in issue. Although it has been held that the identity of the person taken in custody with the person who is claimed as a fugitive from justice must be clearly established, it is generally held that the burden of going forward with the evidence shifts to the prisoner where a prima facie case of identity is made out, as by the presumption arising from identity of name.' "

■ In Kaufman, as here, and unlike Ex parte Ryan, 168 Tex.Cr.R. 351, 327 S.W.2d 596, relied upon by appellant, no evidence was offered that appellant was not the James Arthur Moore named in the Governor's Warrant. Thus the presumption arising from the Executive Warrant was not overcome.

It should be kept in mind that a distinction is to be made between testimony offered by an appellant denying that he is the person named in the Governor's Warrant and testimony that he was not in the demanding state at time of the alleged offense or other testimony of a defensive nature. In Ex parte Overaker, 404 S.W.2d 595, this Court said:

"Relator did not deny that he was the person named in the executive warrant, but testified that he did not endorse the check which constituted the basis for the charge against him in the State of Kansas. Such testimony in no way refuted the fact that he was the person named in the demand and executive warrant, but was rather in the nature of a defense to the charge pending against him in Kansas which he is precluded from adjudicating in Texas Courts by the terms of Sec. 20 of Art. 51.13, Vernon's Ann.C.C.P."

■ While it is true that appellant testified he had never been in Nevada at any time in his life, it should be noted that the testimony of an appellant standing alone is insufficient to require a finding that he was not in the demanding state at the time the offense was alleged to have been committed. Ex parte Martin, Tex.Cr.App., 374 S.W.2d 436; Ex parte Overaker, supra; Ex parte Gibson, 149 Tex.Cr.R. 543, 197 S.W.2d 109.

■ Appellant further contends that the trial court erred in admitting into evidence State's Exhibit No. 4 in violation of the best evidence rule. We find no such objection in the record at the time such exhibit was offered into evidence. If for any reason such exhibit was in fact in-

admissible, it cannot be presumed that the trial judge considered the same for any purpose. Cf. Ex parte Carroll, 152 Tex.Cr.R. 581, 216 S.W.2d 580.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

■ While it is true that objection was made to the confession introduced as State's Exhibit No. 4 because it was not the best evidence we must determine whether or not appellant admitted that it was a correct copy of the original and whether or not he signed the same. When presented to him and when questioned as to its correctness and the similarity of his signature, which was placed on the back of the Exhibit at the time of the hearing, and the signature appearing on the face of the same instrument, we find the following answers:

"A.   Well, it looks familiar—I can't say for sure one way or the other."

"A.   It looks familiar."

"A.   I couldn't be sure if I signed that or not."

In answer to counsel's brief on rehearing we quote from IV Wigmore on Evidence, Third Edition, Section 1191, p. 334:

"Production of the original may be dispensed with, in the trial Court's discretion, whenever in the case in hand the opponent does not bona fide dispute the contents of the document and no other useful purpose will be served by requiring production."

Remaining convinced of the correctness of our original disposition of this cause appellant's motion for rehearing is overruled.

DOUGLAS, J., not participating.