**Ex parte Larry SUTTON.**

**No. 43078.**

Court of Criminal Appeals of Texas.

June 17, 1970.

No attorney on appeal.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Oklahoma.

The Executive Warrant issued by Hon. Preston Smith, Governor of Texas, on March 9, 1970, recites that it had been made known to him by the Governor of the State of Oklahoma that Larry Sutton "stands charged by information and supporting affidavit before the proper authorities with the crime of Burglary (2nd Degree) contrary to [Title 21] Sec. 1435 O.R.S. committed in said State and that the said fugitive has taken refuge in the State of Texas * * *."

The state offered in evidence the Governor's Warrant and, upon motion of appellant's counsel, all of the papers pertaining to the extradition were introduced.

Included among the papers are the Requisition of the Governor of Oklahoma; "Preliminary Information" dated January 8, 1970, signed by Charles S. Carl, Assistant District Attorney, Jefferson County, Oklahoma, setting out the commission of the offense, supported by affidavit of R. W. Phelps that the facts stated therein are true; the warrant of arrest; the application of the District Attorney for the Requisition, and excerpts from the Oklahoma Constitution including Art. 2, Sec. 17, which provides:

"Indictment or information—Preliminary examination—Prosecutions in courts not of record.—No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment *or* indictment or by information. No person shall be prosecuted for a felony by information

without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Also affidavit of Charles S. Carl dated February 25, 1970, that certain of the property taken in the burglary had been recovered from appellant and that he had been apprehended and taken into custody by the Sheriff of Montague County, Texas, and had refused to voluntarily return to Oklahoma.

■ The requisition and supporting papers support the issuance of the Extradition Warrant by the Governor of Texas. Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833.

The issue of whether appellant was in the State of Oklahoma at the time of the burglary was raised by the following evidence introduced by *appellant*.

Mrs. Fayola Butler testified that she resided at Terral, Oklahoma, and had a farm 3½ miles from Terral where she raised Parakeets. When she went to the farm about 8 A.M. on December 26, she found the bird house door lock on the ground, the screen door off, the window open and all of her feed (2 full and two partly filled sacks), 30 nest boxes and 250 Parakeets were missing.

Having last been at the farm about 9 P.M. on the day before, the time of the burglary was shown by Mrs. Butler's testimony to have been between 9 P.M. on December 25 and 8 A.M. on December 26.

Having elicited this testimony from the owner, appellant testified in his own behalf and offered testimony which if true established an alibi.

Appellant testified that he lived in Bowie, Texas, and was at his grandmother's home on December 25 from about 4 P.M. until about 10 P.M. when he and his wife and children went home;

that he went to bed about 11 o'clock and went to work the next morning between 4 and 5 and worked as a milk salesman until 3:30 or 4 P.M., and then went home.

He further testified that a man who said his name was Frank Williams came to his house about 4 P.M. on December 26 and offered to sell him some birds he had in his car and he bought them, paying Williams $35.00 and receiving 119 birds, five of which were dead and another which died after he got them. Also, he received two sacks of feed, another sack with some feed in it, a bucket which had some feed, and the cage the birds were in, for the $35.00 he paid Williams.

On cross-examination appellant testified that it was about 26 miles from Bowie, Texas (where he lived) to Terral, Oklahoma, and it ordinarily took him 25 minutes to drive there.

Other witnesses called by appellant gave testimony supporting his defense of alibi.

■ The question of guilt or innocence is not an issue to be determined in the asylum state in an extradition proceeding. Ex parte Garcia, 167 Tex.Cr.R. 159, 319 S.W.2d 328.

No brief has been filed in appellant's behalf.

Appellant's position appears to be that in the absence of proof to the contrary, the evidence offered required a finding by the hearing judge that he was not in the demanding state (Oklahoma) when the burglary was committed, for which reason alone the court abused his discretion in remanding appellant to custody for extradition.

■ In habeas corpus proceedings brought by one arrested on an extradition warrant, the burden of showing that he was not in the demanding state at the time of the alleged commission of the offense charged is upon the accused. Ex parte Wooten, 151 Tex.Cr.R. 233, 206 S.W. 2d 261; Ex parte Smith, 155 Tex.Cr.R.

168, 232 S.W.2d 992; Ex parte Gibson, 149 Tex.Cr.R. 543, 197 S.W.2d 109; Ex parte Jones, 82 Tex.Cr.R. 627, 199 S.W. 1110.

 Testimony of the accused and his wife that he was not in the demanding state on the day the offense was charged to have been committed is not sufficient to defeat extradition. Ex parte Southard, 104 Tex.Cr.R. 14, 282 S.W. 223; Ex parte Overaker, Tex.Cr.App., 404 S.W.2d 595; Ex parte Moore, Tex.Cr.App., 436 S.W.2d 901.

In view of the distance between the scene of the burglary and the place in Texas where he possessed the property stolen in the burglary within a few hours after the burglary, and the interwoven issues to be decided upon the same evidence, we conclude that the trial judge did not abuse his discretion in remanding appellant to custody for extradition.

The judgment is affirmed.