**Ex parte Earl Wayne HARVEY.**

**No. 43471.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

**854**

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 128th District Court of Orange County remanding appellant to custody for extradition to the State of Louisiana.

At the habeas hearing the State introduced into evidence the Executive Warrant of the Governor of Texas, regular on its face, and the Requisition of the Governor of Louisiana. The Governor's Warrant reflects the appellant "stands charged by affidavit made before a magistrate with a warrant before the proper authorities, with the crime of simple burglary and theft of over $100.00 contrary to 14:67 and 14:62 L.R.S. committed in said State and that the said fugitive has taken refuge in the State of Texas. * * *" The Requisition reflects that Earl Wayne Harvey stands charged with such offenses "committed on or about April 11, 1970, while personally and physically present in this state" [Louisiana].

Other supporting papers made available to the appellant were introduced by him. They are not inconsistent in any way with the Governor's Warrant or Requisition introduced by the State.

As the sole witness in his behalf, the appellant admitted his name was Earl Wayne Harvey. He was then asked:

"Q. To your knowledge, are you the person that is charged with a crime in the State of Louisiana?

"A. No, sir.

"Q. Any crime?

"A. No, sir.

"Q. To your knowledge, have you ever been in St. Mary's Parish, Louisiana?

"A. No, sir."

He did not, however, deny that he was the Earl Wayne Harvey named in the Governor's Warrant, Requisition and other papers.

It is well established that the introduction of a Governor's Warrant, if regular on its face, is sufficient to make out a prima facie case authorizing extradition. Ex parte Kronhaus, Tex.Cr.App., 410 S.W. 2d 442; Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Hoover, 164 Tex.Cr. R. 251, 298 S.W.2d 579; 1 Branch's Ann.P. C., 2d ed., Sec. 269, p. 308.

In 25 Tex.Jur.2d, Extradition, Sec. 31, pp. 182–183, it is pointed out that the Executive Warrant of the asylum state is prima facie evidence raising a presumption of the existence of every fact that he was obliged to determine before issuing the warrant, including among other things the fact that the accused is the person named in the requisition and charged with an extraditable offense under the law of the demanding state and that the accused was in the demanding state at the time of the commission of the offense charged.

When the State introduced the Governor's Warrant it then became incumbent upon the appellant to show he was not the person charged in the demanding state Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48 and cases therein cited.

There was no evidence offered that appellant was not the Earl Wayne Harvey named in the Governor's Warrant. Thus, the presumption arising from the introduction of the Governor's Warrant, regular on its face, was not overcome. See Ex parte Moore, Tex.Cr.App., 436 S.W.2d 901; Ex parte Kaufman, supra. His statement that to his knowledge he was not the person charged with crime in Louisiana was not sufficient to overcome such presumption.

While appellant testified that to his knowledge he had never been in St. Mary's Parish, it should be observed that the testimony of appellant standing alone is insufficient to require a finding that he was not in the demanding state at the time the offense was alleged to have been committed. Ex parte Martin, Tex.Cr.App., 374 S.W.2d 436; Ex parte Overaker, Tex.Cr.App., 404 S.W.2d 595; Ex parte Gibson, 149 Tex.Cr.R. 543, 197 S.W.2d 109; Ex parte Moore, supra.

The judgment is affirmed.