### Ex parte Rene Joseph BINETTE, Jr.

### No. 43809.

Court of Criminal Appeals of Texas.

April 14, 1971.

---

1. The evidence shows that men's ties were used to bind the deceased.

**374**

Harris & Holbrook, Prescott, Metcalf & Greenfield, Killeen, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from the order of the court, after habeas corpus hearing, remanding appellant to custody for extradition to the State of Oklahoma.

The record reflects that appellant was taken into custody on the basis of a fugitive warrant alleging robbery with firearms issuing from the State of Oklahoma.

An extradition hearing was held, the court finding the Governor's Warrant to be correct and regular in all respects. Judgment was then entered remanding appellant to the custody of the Bell County Sheriff to await transportation to the State of Oklahoma.

Appellant, by his first and second grounds of error, contends that the Texas Executive Warrant was illegally issued. Specifically, he complains that the affidavit from Oklahoma was made by a prosecuting attorney based only upon an information with no personal knowledge; that such affidavit was not sworn to before a magistrate; and, that there was no legally admissible evidence that the offense of robbery with firearms can be prosecuted in the State of Oklahoma upon an information.

Art. 51.13(3), Vernon's Ann.C.C.P. states in part:

> Sec. 3. " * * * No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging * * * that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and *accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime * * *.*"

This court passing upon the aforementioned language in Ex parte Peairs, 162 Tex. Cr.R. 243, 283 S.W.2d 755, stated:

> "We have concluded that the demand * * * does not require the affidavit * * * to be made before a magistrate."

The introduction of an Executive Warrant is sufficient to establish a prima facie case authorizing extradition. Ex

parte Mach, Tex.Cr.App., 448 S.W.2d 126; Ex parte Corley, Tex.Cr.App., 439 S.W.2d 668.

■ The record reflects no irregularity in the written instruments nor with their authenticity. The complaint and information supported by affidavit and warrant were all a part of the supporting documents of the Oklahoma Governor's Requisition.

Appellant's contention that the aforementioned documents, and specifically the information, are insufficient to form a basis for extradition is without merit. This court, speaking through Judge Onion, in Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833, stated:

"In such cases [citing Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185; Ex parte Green, Tex.Cr.App., 437 S.W.2d 859; Ex parte Preston, Tex.Cr.App., 434 S.W.2d 136; Ex parte Krarup, Tex.Cr.App., 422 S.W.2d 173] it was pointed out that care should be taken to distinguish between extradition and eventual prosecution and between instruments which form the basis for extradition and which form the basis for eventual prosecution in the demanding state. And, where a person charged with a felony in the demanding state may be extradited from Texas upon an affidavit before a magistrate and warrant issued thereon, the question of whether, upon his return to the demanding state, he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state.

"It would seem to be the height of absurdity to say that a person charged with a felony in the demanding state may be extradited upon an affidavit and warrant issued thereon, but that he could not be extradited upon an information supported by an affidavit and a warrant issued thereon by the county judge. And this is particularly true where the information is labeled 'Preliminary Felony Information' and the accompanying Oklahoma law reflects that no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination."

Grounds of error one and two are overruled.

■ Appellant, by his third ground of error, contends that the state "failed to meet its burden of proof in establishing the identity of appellant as being the person sought by the demanding state." This court, in Ex parte Clubb, supra, stated:

"Having established a prima facie case by the introduction of the Governor's Warrant, the State has no further burden of proof as to the identity of the accused unless identity is put into issue by the accused. The introduction of the Executive Warrant shifts the burden to the accused and it is then incumbent upon him to show that he is not the person charged in the demanding state."

Appellant in this case testified that he was not in the demanding state on the date of the offense alleged to have been committed in Oklahoma. He offered nothing more to contest his identity. This testimony alone is insufficient to overcome the prima facie case established that appellant was in fact the same individual sought by the Oklahoma authorities. Ex parte Sutton, Tex.Cr.App., 455 S.W.2d 274; Ex parte Moore, Tex. Cr.App., 436 S.W.2d 901; Ex parte Overaker, Tex.Cr.App., 404 S.W.2d 595.

Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.