Ex parte Martin Arnold JACKSON.

No. 43899.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Wilson P. Walters, Denison, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 59th District Court of Grayson County remanding appellant to custody for extradition to the State of Arizona to answer the charge of robbery.

This appeal has caused this court great difficulty in attempting to decipher the poorly assembled record, even with the aid of a belatedly filed supplemental transcript.

It appears that an informal application for writ of habeas corpus was filed on November 13, 1970, and on the same date appellant was accorded a hearing on the same. No transcription of the court reporter's notes is found in the record. The docket sheet reflects simply "11/13/70—Hearing. Martin Arnold Jackson ordered extradited to Arizona."

A formal order of the court entered later reflects the court had heard "evidence and argument of counsel" and the order concludes:

"It is ordered, adjudged and decreed that extradition be granted and relator be placed in custody of Jack Bowen for removal to the State of Arizona ad directed in Governor's Warrant."

The Executive Warrant of the Governor of Texas and the supporting papers from the demanding state are in the record before us. The Executive Warrant appears regular on its face. Appellant's brief acknowledges that he received copies of the same on the date of the hearing, and that he was responsible for filing the same with the clerk on November 26, 1970.

There does appear in the record two agreed "statement of facts." One filed on January 14, 1971, bearing the approval of

both counsel and the Judge, reads as follows:

"The State of Texas called Jack Bowen to the stand as a witness, and he testified as follows:

"That he was a deputy sheriff in Tucson, Arizona. That he had seen Martin Arnold Jackson one time in his life and that was at a barbeque party, and this was a week or so before the alleged offense occurred in 1968. That he had not seen him since and that he had not seen him on the date the alleged offense was committed. He identified Martin Arnold Jackson as being the same person wanted by the State of Arizona. There was no other testimony presented by the State.

"Martin Arnold Jackson testified that he was not in Arizona at the time of the alleged offense, but that he was living in New Orleans, Louisiana, at the time of the alleged offense. He denied being at any barbeque party or ever having seen Deputy Jack Bowen. There was no other testimony presented on behalf of Martin Arnold Jackson.

"This, in substance, truly and accurately sets out all the testimony at said hearing."

Another instrument (entitled "Statements of Facts") bearing the date of January 21, 1971, but reflecting no file mark is found in the record. Such statement shows the following:

"On behalf of the State of Texas Jack Bowen testified as follows:

"That he is a deputy sheriff in and for Pima County, Arizona and is acquainted with Martin Arnold Jackson who is also known as Jack Alvin Cage. That he was acquainted with the said Martin Arnold Jackson on and before the 27th day of November, 1968. That he did not see Martin Arnold Jackson in Tucson, Arizona on the 27th day of November, 1968, but that he did see him about a week prior to that time in Tucson which is in Pima County.

"Martin Arnold Jackson testified on behalf of himself that on the 27th day of November, 1968, he was in New Orleans, Louisiana which was his residence. He testified that he had lived in Pima County, Arizona prior to November 27th, 1968, but that he had not been in such county for several weeks prior to the date of the alleged offense.

"The foregoing represents in substance the testimony adduced at said hearing."

 It is appellant's contention the evidence offered was insufficient to justify extradition.

"In proceedings to challenge the legality of the arrest and detention of an accused under an executive warrant for his extradition, the state has the initial burden of showing that the arrest and detention are lawful." 25 Tex.Jur.2d, Extradition, Sec. 3, p. 180, citing Ex parte Hagler [161 Tex.Cr.R. 387], 278 S.W.2d 143.

The Executive Warrant of the Governor of the asylum state would appear to be an indispensable part of the evidence in any such proceeding. Ex parte Hagler, supra. If such warrant is in the courtroom at the habeas corpus hearing, it should be introduced in evidence by the State. If it is not introduced, it must be presumed that it does not authorize extradition. Ex parte Hagler, supra.

 It is well established that when the Executive Warrant, regular on its face, is introduced into evidence, a prima facie case authorizing extradition is made out. By the same token, such prima facie case is not established until the Executive Warrant is introduced. Ex parte Hagler, supra.

In Ex parte Sykes, Tex.Cr.App., 400 S.W.2d 568, the order remanding Sykes for

extradition was reversed. There the court said:

"The statement of facts agreed to be a true and correct statement of all the evidence introduced in the case consists only of the testimony of appellant elicited by his counsel.

"The Executive Warrant of the Governor of Texas is not found in the record, though the order appealed from recites that it was considered. The same is true as to the Requisition of the Governor of Arizona, and supporting documents.

"In the absence of the Executive Warrant or other evidence offered by the state, there was no showing that appellant was lawfully restrained."

Sykes is distinguished from the instant case in two respects. First, the Executive Warrant, regular on its face, is in the record before us. Second, the agreed "Statement or Statements of Facts" relate only to the testimony given and do not purport to include all the evidence presented as in Sykes.

■■ "Testimony" is evidence given by a competent witness under oath or affirmation as distinguished from evidence derived from writing and other sources. See Black's Law Dictionary, DeLuxe Fourth Ed.; Cauble v. Key, Tex.Civ.App., 256 S. W. 654, 655. Although "testimony" and "evidence" are frequently used synonymously, Superior Lloyds of America v. Foxworth, Tex.Civ.App., 178 S.W.2d 724, 726, the terms are not synonymous. Bednarik v. Bednarik, 18 N.J.Misc. 633, 16 A. 2d 80, 89. Evidence is the broader term and includes all testimony which is one species of evidence. Bednarik v. Bednarik, supra. It is clear that the "agreed Statement or Statements of Facts" applied only to the testimony found in the spoken words of the witnesses and did not attempt to encompass all the evidence introduced at the habeas hearing.

■ Since the Texas Governor's Warrant, regular on its face, is in the record before us, and the trial judge's order clearly indicated it was before him when he entered his order, we deem the record sufficient to reflect its introduction and to establish a prima facie case authorizing extradition.

■ Once the Executive or Governor's Warrant is in evidence, then the burden is upon the person named therein to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant, including the fact that the person named in the warrant was in the demanding state at the time of the commission of the offense charged. See Ex parte Mach, Tex.Cr.App., 448 S. W.2d 126. See also 25 Tex.Jur.2d, Extradition, Sec. 31, pp. 182–183.

In addition to the warrant, the State offered the testimony of an Arizona deputy sheriff that the petitioner had been in Arizona "about a week prior" to the date of the alleged offense. Appellant admitted he had lived in Arizona prior to the date in question but had not been in the county where alleged offense occurred for several weeks prior to the date of the alleged offense, claiming he was living in New Orleans, Louisiana on that date.

■ It should be noted that testimony of the appellant standing alone is insufficient to require a finding that he was not in the demanding state at the time the offense was alleged to have been committed. Ex parte Martin, Tex.Cr.App., 374 S.W.2d 436; Ex parte Overaker, Tex.Cr.App., 404 S.W.2d 595; Ex parte Gibson, 149 Tex. Cr.App. 543, 197 S.W.2d 109; Ex parte Moore, Tex.Cr.App., 436 S.W.2d 901. See also 25 Tex.Jur.2d, Extradition, Sec. 12, p. 140.

The judgment is affirmed.