**Ex parte Charles REYNOLDS, Jr.**

**No. 45420.**

Court of Criminal Appeals of Texas.

May 9, 1972.

Charles E. Benson, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Richard D. Monroe, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 140th District Court, remanding appellant to the custody of the Sheriff for the purpose of extradition to the State of New Mexico where he escaped from the penitentiary after his conviction for robbery.

From the record it appears that the Executive Warrant of the Governor of Texas, regular on its face, was marked State's Exhibit No. 2 and introduced into evidence.

It is well established that the introduction of the Governor's Warrant, regular on its face, makes out a prima facie case authorizing extradition. Ex parte Kronhaus, 410 S.W.2d 442 (Tex.Cr.App. 1967); Ex parte Juarez, 410 S.W.2d 444

(Tex.Cr.App.1967); Ex parte Tine, 432 S.W.2d 77 (Tex.Cr.App.1968); Ex parte Clubb, 447 S.W.2d 185 (Tex.Cr.App.1969). Article 51.13, Vernon's Ann.C.C.P., n. 8.

Appellant does not quarrel with this proposition or insist that he overcame the prima facie case. In fact, in addition to the prima facie case established by the introduction of the Governor's Warrant as to identity, etc., he stipulated he was the same person named in said Warrant.

 What appellant does advance is the contention that he was illegally restrained from the time of his arrest on October 25, 1971 until the court ordered him extradited on January 21, 1972. His rather novel contention involves some of the procedures he claims were utilized by a Justice of the Peace and the Sheriff of Lubbock County, Texas. The record reflects that he was arrested on October 25, 1971, by virtue of information received by the Lubbock County Sheriff's office from New Mexico. The following day, he was taken before a Justice of the Peace where a fugitive from justice complaint was filed and a warrant issued. At such time, he was advised of his rights in accordance with Article 15.17, Vernon's Ann.C.C.P. He claims that at the same time, he was erroneously advised by the Justice of the Peace that if the State of New Mexico did not take any further action within 60 days he would be released by the Texas authorities; that the Governor's Warrant was issued on November 8, 1971, and received in the Lubbock County Sheriff's office on November 10th, but no effort was made to serve it on him as required by law,[1] and no further action was taken until his letter addressed to the District Court seeking release was received on December 29, 1971. Thereafter, counsel was appointed on December 30, 1971; the habeas corpus petition was filed on January 3, 1972, and the hearing was conducted on January 21, 1972. Appellant contends that this all re-

sulted in "dead time" with regard to his New Mexico sentence, and that the Texas trial court erred in not crediting such "dead time" on his New Mexico sentence despite his acknowledgement that the New Mexico statutes prohibit credit for the time a convict may have been at large by reason of escape. See 6 New Mexico Statutes Annotated, 1953 Revised Volume, 42–1–58, p. 523.

Whatever the cause of delay, the matter of credit upon a sentence in the demanding state is not a matter for the courts of Texas, but should be left to the courts and penitentiary authorities of the demanding state.

Appellant's contentions are without merit. We find no grounds for refusing extradition.

No motion for rehearing will be filed by the clerk of this court except upon leave of the court for good cause shown.

The judgment is affirmed.

---

1. The testimony of a deputy sheriff reflected that the Governor's Warrant was taken to the District Attorney's office

for obtaining a waiver of extradition or for use in any ensuing habeas corpus proceedings.