Ex parte Louis Byron **LARSON**.

No. 46820.

Court of Criminal Appeals of Texas.

May 9, 1973.

---

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order entered in a habeas corpus hearing, remanding appellant to custody for extradition to the State of Montana.

The State introduced into evidence the Executive Warrant of the Governor of this State. The Warrant recites that the appellant was convicted of the crime of possession of dangerous drugs and, thereafter, violated the terms of his probation.

The Executive Warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing remand of appellant to custody for extradition. Ex parte Jackson, Tex.Cr. App., 470 S.W.2d 679; Ex parte Rhodes, Tex.Cr.App., 467 S.W.2d 425; Ex parte Slavin, Tex.Cr.App., 461 S.W.2d 421.

The State rested after introducing the Governor's Warrant, and appellant, testifying in his own behalf, *denied that he was the person named in the extradition warrant.* While appellant admitted having been in the demanding state, he denied that he had ever been convicted of anything in Montana.

In Ex parte Moore, Tex.Cr.App., 436 S.W.2d 901, it was stated:

"It should be kept in mind that a distinction is to be made between testimony offered by an appellant denying that he is the person named in the Governor's Warrant and testimony that he was not in the demanding state at time of the alleged offense or other testimony of a defensive nature."

Testimony that a person was not in the demanding state on the date of the of-

fense is insufficient to overcome the prima facie case established by the introduction of the Governor's Warrant. Ex parte Binette, Tex.Cr.App., 465 S.W.2d 373; Ex parte Sutton, Tex.Cr.App., 455 S.W.2d 274; Ex parte Moore, supra; Ex parte Overaker, Tex.Cr.App., 404 S.W.2d 595.

■ Where identity is put in issue, the burden then shifts to the demanding state to show that the person taken into custody and held for extradition is the identical person named in the Governor's Warrant. Ex parte Ryan, 168 Tex.Cr.R. 351, 327 S.W. 2d 596; Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48.

■ In the instant case, the testimony of appellant *denying that he was the person named in the Governor's Warrant* was not challenged or denied by any witness.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.