**Ex parte Charles Wilson BURNS.**

**No. 48347.**

Court of Criminal Appeals of Texas.

April 10, 1974.

Rehearing Denied April 24, 1974.

Calvin A. Hartmann, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Joe S. Moss, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in the 182nd District Court of Harris County remanding appellant for extradition to the State of Arkansas to answer charges of "passing an altered check (Possession of Counterfeit) in violation of Sec. 41–1811, Arkansas Revised Statutes."

At the habeas corpus hearing the State introduced the Executive Warrant of the Governor of Texas and the supporting papers showing that one Charles William Burns was charged in Arkansas with the offense of passing an altered check.

Thereafter, appellant took the stand and testified that he had never been known by the name of Charles William Burns, that his true name was Charles Wilson Burns, and he had not been in Arkansas on or about March 23, 1973, the date of the alleged offense, as reflected by the supporting papers. He acknowledged that he knew the alleged co-defendant in the case. He did not deny, as he now asserts in his brief, that he was not the individual named in the Governor's Warrant. He also called a deputy sheriff to show that he had been booked into the Harris County jail as Charles Wilson Burns.

Appellant initially contends that the court erred in denying his habeas corpus application since his testimony that he was not the person named in the Governor's Warrant was unchallenged and undisputed.

First, we observe, as earlier noted, that this was not appellant's testimony. He simply stated that he had not been known by Charles William Burns. Thus, the cases relied upon by the appellant, e. g., Ex parte Larson, 494 S.W.2d 179 (Tex.Cr. App.1973), are not here applicable.

Further, in Ex parte Mackerman, 376 S. W.2d 350 (Tex.Cr.App.1964), it was held that an omission of or a mistake in the middle name in the Governor's Warrant is immaterial. See also 40 Tex.Jur.2d, Names, Sec. 4, p. 374.

Still further, the testimony of the appellant, standing alone, that he was not in Arkansas on or about the date of the alleged offense is insufficient to require a finding that he was not in the demanding State at the time of the alleged offense. Ex parte Moore, 436 S.W.2d 901 (Tex.Cr.App.1969) and cases there cited. See Ex parte Larson, supra.

■ It is well established that the introduction of the Governor's Warrant, regular on its face, is sufficient to make out a prima facie case authorizing extradition.

Ex parte Kronhaus, 410 S.W.2d 442 (Tex.Cr.App.1967); Ex parte Juarez, 410 S.W.2d 444 (Tex.Cr.App.1967). The introduction of such warrant in the instant case made out such a prima facie case which was not overcome by the appellant.

Next, appellant urges he should have been released upon his habeas corpus application because his testimony reflects that he had been in custody on the Arkansas charge for more than 90 days prior to the receipt of the Governor's Warrant. He relies upon Article 51.13, Secs. 15 and 17, Vernon's Ann.C.C.P. These sections permit a judge or magistrate to commit by warrant a fugitive from justice for a period of 30 days and to recommit him for an additional 60 days if he had not been arrested under the Governor's Warrant. Article 51.07, Vernon's Ann.C.C.P., also provides for discharge after expiration of 90 days after commitment if not arrested by that time under a Governor's Warrant. Article 51.08, Vernon's Ann.C.C.P., provided that a person so discharged cannot be rearrested under the provisions of the Uniform Extradition Act "except by a warrant from the Governor of this State."

■ Appellant contends that he was arrested on October 16, 1973. The Governor's Warrant is dated January 3, 1974. Just when the appellant was arrested under such warrant is not shown by the record. Whether it was within the 90 day period or not is not clear.[1] Under any circumstances, we cannot conclude that appellant has a meritorious contention.

■ Appellant contends the requisition of the Arkansas Governor reflects that the offense charged in Arkansas is "possession of counterfeit," and that there is no such offense in Texas; and thus, it is not an extraditable offense. He further complains of the Texas Governor's action in referring to the offense in the Executive Warrant as the crime of "Passing an altered check (Possession of Counterfeit)."

1. The habeas corpus application bears no file mark, but the docket sheet reflects the filing was on January 25, 1974.

In the supporting papers and their allegations, it is clear that the offense charged was passing an altered check, which would constitute a Texas offense under Article 996, Vernon's Ann.P.C.1925, or under Article 32.21 of the current Penal Code of this State, V.T.C.A.

■ Unless shown to the contrary, it is presumed that the law of the demanding State is the same as that of the asylum State. See Ex parte Posey, 453 S.W.2d 833 (Tex.Cr.App.1970).

For this reason we need not determine if the court erred in admitting State's Exhibit 1C, being a xeroxed copy of Sec. 41–1811 of the Arkansas Statutes published by a book company and stating the statute was compiled under the supervision of the Arkansas Revision Committee, but being uncertified. If the court erred in admitting such document purporting to define the crime of "possession of counterfeit," it was harmless error in light of the presumption above discussed.

The judgment is affirmed.