# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00147-CR

---

**Kenneth Daniel Carver, III, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 22ND DISTRICT COURT OF HAYS COUNTY**
**NO. CR-21-1320-A, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING**

---

## C O N C U R R I N G   O P I N I O N

I join the majority and write separately because I disagree with assuming Rule 702 error in this case. Direct opinion testimony on the truthfulness of a child victim's outcry or testimony is not admissible. That much is clear. But Detective Elrod's statements made during the interrogation of Carver were not testimony in the first place. *Ex parte Jackson*, 470 S.W.2d 679, 682 (Tex. Crim. App. 1971) ("Testimony" is "evidence given by a competent witness under oath or affirmation as distinguished from evidence derived from writing and other sources."). And, even if they could be considered the equivalent to testimony, they did not express an expert opinion. In Texas, "Neither police nor private individuals have a license to fabricate documents or other evidence and then use them to affect a criminal investigation or other official proceeding." *Wilson v. State*, 311 S.W.3d 452, 461 (Tex. Crim. App. 2010). But police may otherwise use "trickery and deception" during an interrogation. *Id.* An interrogator

may tell a suspect that he believes the suspect's accuser or that he disbelieves the suspect's denial. Such statements are not offered to prove the truth of the complainant's accusation or that the suspect's denial is a lie; they are offered only to show the context of the suspect's subsequent statements. *See Kirk v. State*, 199 S.W.3d 467, 479 (Tex. App.—Fort Worth 2006, pet. ref'd) (trial court did not abuse its discretion in admitting recording that included detective's statements such as, "I feel like maybe you've been a little untruthful with me," because they were not offered to prove truth of matter asserted; statements were within questions that detective asked appellant, and admitted in order to give context to appellant's replies).

Courts generally hold that admission of such statements made during an interrogation do not run afoul of the evidentiary rules that regulate opinion testimony or testimony about the "ultimate issue," though it might rule afoul of Rule 403. *See*, *e.g.*, *State v. Rocha*, 890 N.W.2d 178 (Neb. 2017); *People v. Musser*, 835 N.W.2d 319, 330 (Mich. 2013). In *Rocha*, the Supreme Court of Nebraska surveyed cases and ultimately held that

> statements by law enforcement officials on the veracity of the defendant or other witnesses, made within a recorded interview played for the jury at trial, are to be analyzed under the ordinary rules of evidence. Such commentary is not admissible to prove the truth of the matter asserted in the commentary. But it may be independently admissible for the purpose of providing necessary context to a defendant's statements in the interview which are themselves admissible. The police commentary must be probative and material in light of that permissible purpose of providing context to the defendant's responses. And even statements that are otherwise admissible may be excluded under rule 403. Upon request, a defendant is entitled to a limiting instruction that such statements are to be considered only for the permissible purpose of providing context to the defendant's statements in the interview.

890 N.W.2d at 199. As the majority in this case points out in addressing whether the assumed error was harmful, the trial court did what it was supposed to do. It evaluated the individual

2

statements under Rule 403; it excluded some of the context statements under Rule 403 and admitted others.  With these comments, I concur.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justice Kelly, and Justice Ellis

Filed:   March 5, 2026

Do Not Publish